1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

* * *

9

MICHAEL DEAN ADKISSON,

Case No. 2:14-cv-01934-APG-CWH

10

Petitioner,

**ORDER**

v.

11

D.W. NEVEN, et al.,

12

Respondents.

13

14          This counseled habeas matter under 28 U.S.C. § 2254 is before the court on

15    respondents' motion to dismiss petitioner Michael Dean Adkisson's second-amended

16    petition (ECF No. 36).  Adkisson opposed (ECF No. 45), and respondents replied (ECF

17    No. 46).

18    **I.      Procedural History and Background**

19          The State of Nevada charged Adkisson with murder with use of a deadly weapon in

20    connection with an incident between he and an acquaintance, Steven Borgens, in which

21    Borgens ended up dead of a gunshot wound (exhibit 7). [1]  On September 14, 2004, a

22    jury found Adkisson guilty of second-degree murder with use of a deadly weapon

23    (exhibit 30).  The state district court sentenced him to life with the possibility of parole

24    after ten years, with an equal and consecutive term for the deadly weapon

25    enhancement.  Exh. 33.  Judgment of conviction was entered on December 27, 2004.

26    Exh. 36.

27

28

[1] The exhibits referenced in this order are petitioner's exhibits and are found at ECF Nos. 17-21, 29.

1

The Nevada Supreme Court affirmed Adkisson's convictions on May 17, 2006, and denied his motion for rehearing on July 12, 2006.  Exhs. 46, 48.  Remittitur issued on August 8, 2006.  Exh. 136.

On April 15, 2015, the Nevada Supreme Court affirmed the denial of Adkisson's counseled, state postconviction petition.  Exh. 117.  That court denied a motion for rehearing on May 29, 2015, and remittitur issued on June 25, 2015.  Exhs. 118, 137.

While Adkisson's state postconviction was pending, he dispatched his federal habeas petition for filing on November 17, 2014 (ECF No. 8).  This court appointed the Federal Public Defender as counsel for Adkisson.  Respondents now argue that claims in the second-amended petition do not relate back to any timely-filed earlier petition, some grounds fail to state claims for which habeas relief may be granted, and some claims are unexhausted (ECF No. 36).

## II.     Legal Standards & Analysis

### a.  Relation Back

Respondents argue that grounds 1(A), 1(B), and 1(F) of the second-amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely (ECF No. 36, pp. 6-9).  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.  *Mayle v. Felix*, 545 U.S. 644 (2005).  In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.  545 U.S. at 655–64.  Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims,

2

and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  545 U.S. at 657.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.  545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Adkisson mailed his federal habeas petition on November 17, 2014, and he filed his counseled, first-amended petition on August 25, 2015 (ECF Nos. 8, 16).  The parties do not dispute that the AEDPA one-year statute of limitations expired on August 27, 2015.  Accordingly, the claims in the second-amended petition must relate back to Adkisson's original *pro se* petition or the first-amended petition in order to be deemed timely.

**Ground 1(A)**

Ground 1 alleges several instances of ineffective assistance of counsel (ECF No. 28, pp. 16-30).  Adkisson argues in ground 1(A) of the second-amended petition that his Sixth Amendment right to effective assistance of trial counsel was violated because counsel failed to present a crime scene expert (ECF No. 28, pp. 16-21).  Adkisson alleges several mistakes or omissions by law enforcement in gathering evidence and argues that a crime scene expert who later reviewed law enforcements' investigation of the crime opined that the investigation was inadequate and violated department procedures.  *Id.*  Adkisson points out that he raised this claim as ground 1(A)(3)(a) of his first-amended petition (ECF No. 16, pp. 41-42).  While the second-amended petition adds the opinion of the crime scene expert, he bases his views on the same alleged mistakes and omissions by law enforcement.  Ground 1(A) relies on the same common core of operative facts as the claim he previously raised in a timely petition.

**Ground 1(B)**

Adkisson contends that trial counsel failed to interview neighbors who witnessed and heard the events in question, and the witnesses would have supported Adkisson's self-defense claim and undermined the State's case. (ECF No. 28, pp. 21-24). In particular, he argues that Raphael Galindo and Celia Andres' testimony would have supported the defense theory of the case. *Id.* In his first-amended petition, Adkisson claimed that news stories around the time of the incident indicated that neighbors had been interviewed, but the State never disclosed any police reports or other documentation of interviews with neighbors. Adkisson argued that defense counsel's failure to interview neighbors was prejudicial ineffective assistance (ECF No. 16, pp. 43-45). Again, while Adkisson adds specifics about how certain neighbors would have testified in support of the defense theory, ground 1(B) relies on the same core of operative facts, namely that defense counsel failed to interview neighbors who were percipient witnesses and would have testified in support of the defense theory.

**Ground 1(F)**

Adkisson asserts that his counsel failed to properly advise him during plea negotiations and failed to tell the prosecutor that Adkisson had accepted a mid-trial offer of a plea deal (ECF No. 28, p. 29). Adkisson raised this claim in his first-amended petition (ECF No. 16, pp. 51-55). He had also raised it in his original, *pro se* petition (ECF No. 8, p. 45).

Accordingly, this court concludes that grounds 1(A), 1(B) and 1(F) relate back to claims raised in timely-filed petitions and are, therefore, timely.

**b. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in

a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts

5

or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1(F)**

Respondents argue that Adkisson failed to present this claim -- that his counsel failed to properly advise him during plea negotiations and failed to tell the prosecutor that Adkisson had accepted a mid-trial plea offer (ECF No. 28, p. 29) -- to the Nevada Supreme Court (ECF No. 36, p. 15).  However, Adkisson did indeed present this claim to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition.  Exh. 105 (pp. 49-50).  Subsequently, the Nevada Supreme Court granted Adkisson's motion to discharge his appointed counsel and for leave to file a supplemental reply brief.  Exh. 166.  Adkisson also raised these claims in his *pro se* supplemental brief.  Exh. 115, pp. 15-21.  Ground 1(F) is, therefore, exhausted.

**c.  Failure to State a Claim Cognizable in Habeas Corpus**

**Grounds 2, 4, 5**

In ground 2 of the second-amended petition, Adkisson argues that his Fifth, Sixth and Fourteenth Amendment due process and fair trial rights were violated when the trial court admitted irrelevant and misleading evidence suggesting that, just after the shooting, he was in a standoff with police (ECF No. 28, pp. 30-33).

In ground 4 Adkisson asserts that his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, due process and to be proven guilty beyond a reasonable doubt were violated when the trial court improperly admitted irrelevant and highly prejudicial character evidence suggesting that Adkisson mistreated women and that two of the State's witnesses were afraid of him (ECF No. 28, pp. 35-39).

In ground 5 Adkisson contends that his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, due process, to present a defense, and to be proven guilty beyond a reasonable doubt were violated when the prosecutor committed misconduct by misstating the law of self-defense, shifting the burden of proof and denigrating the defense (ECF No. 28, p. 39-43).  Respondents argue that grounds 2, 4, and 5 of the second-amended petition fail to state claims for which federal habeas relief may be granted (ECF No. 36, pp. 10-12).  However, respondents' arguments in fact challenge whether grounds 2, 4, and 5 are meritorious; therefore, such arguments should be raised in the context of the adjudication of the merits of the second-amended petition.

**Ground 6**

Respondents also move to dismiss ground 6.  Adkisson alleges in his second-amended petition that the cumulative effect of trial errors and the ineffective assistance of trial counsel violated his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, due process, to present a defense and to be proven guilty beyond a reasonable doubt (ECF No. 28, pp. 43-45).  Respondents assert that cumulative error claims are not cognizable on federal habeas review (ECF No. 36, pp. 12-14).  Respondents also argue, that even if the cumulative effect of some trial errors is cognizable on federal habeas review, ineffective assistance of counsel claims cannot cumulate.  Petitioner cites the Ninth Circuit's decision in *Parle v. Runnels,* 505 F.3d 922, 929 (9th Cir. 2007), to support his argument that cumulative errors are cognizable on federal habeas review (ECF No. 42 at 11).

This court determines that this claim is cognizable as a matter of pleading and survives the motion to dismiss.  Petitioner correctly contends that prejudice may result from the cumulative impact of multiple deficiencies. *See Parle*, 505 F.3d at 929 ("the combined effect of multiple trial errors violates due process where it renders the resulting criminal trial fundamentally unfair"); *Harris By & Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995).

### d.  Factual Basis for Grounds 1(A), 1(B) and 1(C)

Finally, respondents also argue that the ineffective assistance of counsel claims in grounds 1(A), 1(B) and 1(C) should be dismissed because Adkisson makes specific factual allegations that were not developed during an evidentiary hearing in state court (ECF No. 36, pp. 16-17).  Adkisson argues in ground 1(A) of the second-amended petition that his Sixth Amendment right to effective assistance of trial counsel was violated because counsel failed to present a crime scene expert (ECF No. 28, pp. 16-21).  In ground 1(B) Adkisson contends that trial counsel failed to interview neighbors who witnessed and heard the events in question (ECF No. 28, pp. 21-24).  As ground 1(C) Adkisson asserts that trial counsel failed to have the 911 recording provided in discovery analyzed by an expert (ECF No. 28, pp. 24-26).  Respondents argue that these grounds should be dismissed at this time pursuant to *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that review of a claim under 28 U.S.C. § 2254(1) is limited to the record that was before the state court).  Such argument is more appropriately raised in the context of the adjudication of the merits of these claims.  This court, therefore, declines to dismiss these grounds at this time for failure to develop a factual record.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a response to the petition (ECF No. 35) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's first and second motions to extend time to file the opposition to the motion to dismiss (ECF Nos. 43 and 44) are both **GRANTED** *nunc pro tunc*.

8

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the second-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

DATED: 13 February 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE