# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL DEAN ADKISSON,

    Petitioner

v.

D.W. NEVEN, et al.,

    Respondents

Case No.: 2:14-cv-01934-APG-CWH

**ORDER**

Petitioner Michael Dean Adkisson moves for an order staying the decision in this case so his counsel can evaluate Adkisson's pending state court proceedings. ECF No. 77. The respondents oppose. ECF No. 78. I will grant the motion.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate a habeas petitioner's return to state court to exhaust claims. The Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and

there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

The Federal Public Defender represents Adkisson in this action. Counsel bases this motion to a large degree on *Rhines*. However, the respondents have already answered the petition (ECF No. 49), and Adkisson asks that I defer an adjudication of the merits of the petition pending recent proceedings in state court. ECF No. 77. Adkisson does not elaborate on the issue that he is pursuing in state court, but states that it is a hybrid claim involving both the Nevada Department of Corrections' implementation of his sentence and the underlying statutory legality. He asks that I briefly defer a merits decision because as the state-court proceedings unfold he will have a better idea whether he has a basis to request a stay and abeyance under *Rhines*.

I will grant the motion and briefly defer a decision on the merits of the federal habeas petition. Adkisson shall file a status report within 60 days that explains the status of the state-court proceedings and whether he intends to file a motion for stay and abeyance of this action.

IT IS THEREFORE ORDERED that Adkisson's motion to defer a merits decision on this federal habeas petition **(ECF No. 77) is GRANTED**.

IT IS FURTHER ORDERED that within 60 days of the date of this order Adkisson shall file a status report regarding his state-court proceedings and whether he will seek a stay in this case.

IT IS FURTHER ORDERED that Adkisson's third motion for extension of time to file supplemental authorities **(ECF No. 73) is GRANTED** *nunc pro tunc*.

Dated: February 8, 2019

_____
Andrew P. Gordon
U.S. District Judge