# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL DEAN ADKISSON,

    Petitioner

v.

D.W. NEVEN, et al.,

    Respondents

Case No.: 2:14-cv-01934-APG-CWH

**ORDER**

Petitioner Michael Dean Adkisson filed a motion to stay decision. ECF No. 82. I will grant the motion.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court of the United States placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State".).

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had

good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

The Federal Public Defender (FPD) represents Adkisson in this action. Adkisson seeks a stay while he litigates a claim regarding the validity of his deadly weapon enhancement sentence in state court. *See* Nevada Supreme Court Case No. 77933. Adkisson urges that the claim contains jurisdictional and constitutionally-based components and has the potential to overcome

state and federal procedural bars in that it invokes subject matter jurisdiction under the theory that the deadly weapon enhancement aggravates the crime of second-degree murder. He also argues that the claim became ripe only when Nevada paroled him from what he asserts constitutes a single sentence. After reviewing the state-court pleadings, the FPD intervened in the state-court litigation.

The respondents have answered the operative federal petition. ECF No. 49. Adkisson previously asked me to briefly defer an adjudication of the merits of the petition pending the completion of the state-court proceedings. ECF No. 77. Currently, the Supreme Court of Nevada docket reflects that Adkisson's appeal of the denial of his state postconviction petition is fully briefed. *See* Case No. 77933.

The respondents oppose the stay. ECF No. 83. However, Adkisson has made a sufficient showing that he has good cause, the claim is potentially meritorious, and he has not engaged in dilatory litigation tactics. In the interests of comity and judicial efficiency, the motion for stay and abeyance of this action is granted.

I THEREFORE ORDER that the petitioner's motion for stay and abeyance (**ECF No. 82**) **is GRANTED**.

I FURTHER ORDER that this action is STAYED pending final resolution of the petitioner's postconviction habeas petition. This grant of a stay is conditioned upon the petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the postconviction habeas petition.

/ / / /

/ / / /

I FURTHER ORDER the Clerk to **ADMINISTRATIVELY CLOSE** this action, until a judge of this court orders it reopened.

Dated: November 14, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISRICT JUDGE