UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DEAN ADKISSON, | Case No.: 2:14-cv-01934-APG-CWH |
| Petitioner | |
| v. | **ORDER** |
| D.W. NEVEN, et al., | |
| Respondents | |

Petitioner Michael Dean Adkisson moves for leave to file a third-amended petition. ECF No. 109. But his proposed claims are untimely, unexhausted, and procedurally barred. As such, amendment would be futile, so I deny his motion.

**I.     Procedural History and Background**

Adkisson was charged with murder with use of a deadly weapon in connection with an incident between he and an acquaintance, Steven Borgens, in which Borgens ended up dead of a gunshot wound. Exh. 7.[1] In September 2004, a jury found Adkisson guilty of second-degree murder with use of a deadly weapon. Exh. 30. He was sentenced to life with the possibility of parole after ten years, with an equal and consecutive term for the deadly weapon enhancement. Exh. 33. Judgment of conviction was entered on December 27, 2004. Exh. 36.

The Supreme Court of Nevada affirmed Adkisson's convictions in May 2006 and denied his motion for rehearing in July 2006. Exhs. 46, 48. In April 2015, the Supreme Court of Nevada

---

[1] The exhibits referenced in this order are petitioner's exhibits and are found at ECF Nos. 17-21, 29, 95.

affirmed the denial of Adkisson's counseled, state, postconviction petition. Exh. 117. That court denied a motion for rehearing in May 2015. Exh. 118.

While Adkisson's state postconviction petition was pending, he dispatched his federal habeas petition for filing on November 17, 2014. ECF No. 8. This court appointed the Federal Public Defender (FPD) as counsel. The FPD filed an amended petition in August 2015, and a second-amended petition in February 2016. ECF Nos. 16, 28. The respondents filed their answer to the second-amended petition in March 2017, and Adkisson replied in October 2017. ECF Nos. 49, 60.

Adkisson moved to stay the case while he litigated in state court his claim that he could not be incarcerated on the weapon-enhancement sentence after being granted parole on the primary sentence for second-degree murder. ECF No. 82. I granted a stay in November 2019. ECF No. 91. In July 2020, the Supreme Court of Nevada affirmed the denial of Adkisson's state postconviction petition as procedurally barred because it was untimely and successive. Exh. 151.

On June 21, 2021, the FPD moved to reopen this federal action and also moved to withdraw as counsel. ECF Nos. 94, 96. Counsel explained that he and Adkisson had a fundamental disagreement about how to proceed with the case. Adkisson wanted to seek leave to file a third-amended petition to add the weapons enhancement claim, and his counsel told him why he would not do so at this stage in the proceedings. *See* Exh. A to Adkisson's reply in support of leave to amend, ECF No. 121, p. 15. I granted the motion to withdraw. ECF No. 99. Adkisson filed a pro se motion for leave to file a third-amended petition. ECF No. 116. In an order dated January 25, 2022, I explained that the second-amended petition had been fully briefed since 2017, so I was highly unlikely to permit further amendment. ECF No. 115. But out

of an abundance of caution and in the interests of justice, I directed the respondents to respond to Adkisson's motion for leave to file a third-amended petition.

/ / / /

## II. Legal Standards Governing Leave to Amend & Analysis

Federal Rule of Civil Procedure 15 governs amendment of pleadings in a federal habeas corpus action. *See* 28 U.S.C. § 2242; *see also Mayle v. Felix*, 545 U.S. 644, 645 (2005). Generally, leave to amend is to be freely granted when justice so requires; however, leave may be denied for various reasons, including where such leave would cause undue delay or prejudice, the moving party has a dilatory motive in seeking leave to amend, the proposed amendment would be futile, or the moving party already previously amended the pleadings. *See Caswell v. Calderon*, 363 F.3d 832, 837-40 (9th Cir. 2004) (addressing standard for leave to amend); *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1998) (addressing standard for leave to supplement); *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment may be futile if the claims in question are unexhausted, untimely, procedurally defaulted, or where the legal basis for the claims are tenuous. *See Bonin v. Calderon*, 59 F.3d 815, 844-46 (9th Cir. 1995). A district court properly denies a motion to amend where the movant presents no new facts, but only new theories, without explanation for the failure to develop these theories earlier. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (finding no abuse of discretion in denying motion for leave to amend where the movant failed to provide a satisfactory explanation for failing to develop his contentions).

States have significant interests in comity and finality, and the purpose of the Antiterrorism and Effective Death Penalty Act (AEDPA) is to provide greater protection for those interests. *Harrington v. Richter*, 562 U.S. 86, 103-04 (2011). Congress specifically

designed AEDPA to promote comity by requiring a petitioner to exhaust his available state remedies before seeking habeas relief. *Id*. Additionally, the AEDPA limitation period is designed to compel petitioners to present their claims to the state courts in a timely fashion. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005).

Adkisson moves to add one new claim. However, his proposed new claim consists of several sub-claims:

1. The law in Nevada is well-settled concerning any jury verdict form contemplating a finding of guilty pursuant to NRS 193.165;

2. The trial court erred in imposing sentence under NRS 193.165;

3. NRS 193.165 is a general provision and is not a sentencing enhancement;

4. The Nevada state court's conclusion that Mr. Adkisson was convicted of one count of second-degree murder with the use of a deadly weapon and that he has discharged the murder conviction prevents the State from assuming here an inconsistent position and advancing a claim that the murder conviction remains as a basis for further confinement to a state prison;

5. The facts underlying the claim are sufficient to establish that but for constitutional error, no reasonable factfinder would have found Mr. Adkisson guilty of the offense of second-degree murder with the use of a deadly weapon; and

6. The 2007 Nevada Legislature clarified the criminal rule pursuant to NRS 193.165.

ECF No. 109, pp. 5-35.

Adkisson offers no credible explanation as to why these claims were not previously available to him. ECF Nos. 109, 121. He makes bare assertions of tricks, schemes, and falsifying of records by the State. The proposed third-amended petition is far outside the one-year AEDPA limitation period and is therefore untimely. Adkisson did not raise any claims in previous petitions to which these claims could relate back. *See* ECF Nos. 8, 28. Further, Adkisson did not

4

present all the claims in the proposed amended petition to the Supreme Court of Nevada, such as the claim regarding the jury verdict form. And that court determined that the claims he did present in his most recent state postconviction petition were procedurally defaulted. Exh. 151. The second-amended petition has been fully briefed for years. Adkisson was represented by counsel for six years. The proposed claims are untimely, unexhausted, and procedurally barred. Amendment would be futile. The fully-briefed second-amended petition stands ready for adjudication on the merits, so deny his motion for leave to amend.

Adkisson also moved to file a supplemental index of exhibits in support of a third-amended petition. ECF No. 117. The exhibits largely appear to include briefs and arguments from Nevada state court litigation in the 1970s. In any event, as Adkisson is not permitted to file a third-amended petition, I deny the motion.

### III. Conclusion

I THEREFORE ORDER that Adkisson's motion for leave to file a third-amended petition **(ECF No. 109) is DENIED**.

I FURTHER ORDER that Adkisson's motion for leave to file a motion to order Clerk to add exhibits and motion for order to Clerk to file second supplemental index of exhibits **(ECF Nos. 116, 117) are both DENIED.**

Dated: June 30, 2022

  _____
  U.S. District Judge Andrew P. Gordon